UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WELLNESS PUBLISHING, et. al., | : | Honorable Madeline Cox Arleo |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 02-3773(JAP) |
| BAREFOOT, et.al., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

## BACKGROUND

Plaintiffs filed the Complaint on August 5, 2002. Defendants King Media, Inc. ("King"), Triad Direct Response Marketing, Inc. ("Triad"), Allen Stern ("Stern") and Steven D. Ritchey ("Ritchey") have not filed Answers. This Court entered an Order on July 26, 2005, granting the Motion to Withdraw as Attorney for Robert Gilson, Esq. ("Gilson"), on behalf of the law firm of Riker, Danzig, Scherer, Hyland & Perretti, LLP ("Riker"). Gilson had represented King and Triad, as well as individually named defendants Stern and Ritchey. That same Order instructed King and Triad to retain new counsel and have counsel enter an appearance by August 26, 2005, because corporate entities are not permitted to continue pro se. To date, no new counsel appearance for King and Triad has been entered.

An in-person status conference before this Court was held on September 7, 2005. King, Triad, Stern and Ritchey failed to appear. On September 14, 2005, this Court entered an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ.

P. 16(f) on King, Triad, Stern and Ritchey for failure to attend the in-person status conference on September 7, 2005.  King, Triad and Stern failed to appear on October 11, 2005, for the hearing on this Order to Show Cause.

This Court now recommends that default be entered against defendants King, Triad and Stern.

## DISCUSSION

As a threshold issue, default should be entered against corporate defendants King and Triad because they have failed to retain counsel.  It is settled law in this Court that corporations cannot represent themselves pro se.  Simbraw, Inc. v. United States, 367 F.2d 373 (3d Circ. 1966).  Here, King and Triad have failed to secure counsel after the Court granted the Motion to be Relieved filed by the Riker firm.  On that basis alone, default should be entered against King and Triad.

The defendants', King, Triad and Stern, failure to comply with the Orders of this Court also require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of default is appropriate.  The Poulis factors are:  (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense.  Id. at 868.

The Poulis factors are applied to the facts at hand to determine if default is proper.  First, the defendants are proceeding pro se.  Therefore, defendants are personally responsible for failing to comply with Orders of the Court.

Second, the defendants King, Triad and Stern have failed to appear for Court ordered conferences or hearings making it impossible for this action to proceed. Despite the fact that the Court's September 13, 2005 Order clearly provided that defendant Stern shall appear in person, he attempted to call the Court on the return date of the Order to Show Cause. Stern then sent a letter to the Court dated October 12, 2005 stating that he did not appear because he was "under the weather." This casual response, and complete flouting of two Court Orders, indicates to the Court a clear decision by Stern not to participate in discovery and the defense of his case. I am satisfied that the plaintiffs have been prejudiced by defendants' failure to comply with this Court's orders.

Third, there is a history of non-compliance here. King, Triad and Stern failed to appear for a status conference and for a hearing on an Order to Show Cause in disregard for this Courts orders. King and Triad were also directed to have had new counsel enter an appearance by August 26, 2005.

Fourth, King and Triad remain pro se and a new counsel appearance has not been entered. I am satisfied that defendants have made a willful decision not to defend this civil action as demonstrated by the pattern of non-compliance.

Fifth, alternative sanctions would not be appropriate. Defendants have demonstrated an apparent lack of desire to defend against this civil action. Further, King and Triad cannot continue as pro se defendants. As to the sixth factor, I cannot determine the meritoriousness of the defense based upon my review of the pleadings and the fact that these defendants have not filed an Answer.

Five of the six Poulis factors weigh in favor of entering default. Not all of the Poulis factors need be satisfied in order to enter default. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, the defendants failed to comply with Orders of this Court. Therefore, the sanction of default against defendants King, Triad and Stern is merited.

## CONCLUSION

For the reasons set forth above, I recommend that the default be entered against King, Triad and Stern, and the plaintiffs be allowed to proceed to judgment by default.

Respectfully submitted,

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**